IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JUAN MIGUEL RUBIO,

                Plaintiff,                CV-06-873-ST

        v.                                  OPINION AND ORDER

HAROLD SKELTON, CITY OF SANDY, OREGON, MICHAEL HELTON, KALEN TAYLOR, JASON COATES, MANOLO HERRERA, LINDA MALONE, SCOTT LAZENBY,

                Defendants.

STEWART, Magistrate Judge:

In connection with their motion for summary judgment, defendants have filed a motion to strike a portion of plaintiff's declaration and portions of plaintiff's Response to Defendants' Concise Statement of Material Facts (docket #67). That motion is GRANTED IN PART and DENIED IN PART as follows:

///

///

1 - OPINION AND ORDER

Paragraph 18 of Plaintiff's Declaration:  GRANTED as inconsistent with plaintiff's deposition testimony.  Plaintiff has offered no explanation for the inconsistency.

Exhibit A referred to in paragraph 9 in Plaintiff's Response to Defendants' Concise Statement:  DENIED because it has been sufficiently authenticated by several sources.

Second sentence of paragraph 11, third sentence of paragraph 12, last sentence of paragraph 15, and part of the sentence in paragraph 16 in Plaintiff's Response to Defendants' Concise Statement:  DENIED.  What Linda Parker told plaintiff is admissible to impeach her contrary trial testimony on a material issue and admissible as evidence of a demand, but is not admissible for the truth of the matter stated.

Second sentence of paragraph 13 and last two lines of the second paragraph in paragraph 14 of Plaintiff's Response to Defendants' Concise Statement:  GRANTED.  Whether Chief Skelton was consulted and made the decision is inadmissible hearsay concerning the truth of Linda Parker's statement to plaintiff.  Plaintiff has not submitted sufficient evidence that Linda Parker made the statement in a representative capacity of, or as an agent or servant of, Chief Skelton.

Exhibits D, E, and F referred to in paragraph 13 and Exhibit C referred to in paragraph 14 of  Plaintiff's Response to Defendants' Concise Statement:  DENIED.  The documents are sufficiently authenticated, and plaintiff has now highlighted relevant portions of the documents.  Furthermore, documents regarding a 2006 event are admissible as evidence of entanglement of the City of Sandy with the Sandy Mountain Festival.

///

///

Language concerning Judge Mauer's specific findings in paragraph 20 of Plaintiff's Response to Defendants' Concise Statement: GRANTED as not relevant.

DATED this 4th day of March, 2008.

                                      /s/ Janice M. Stewart_____
                                      Janice M. Stewart
                                      United States Magistrate Judge