IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JUAN MIGUEL RUBIO,

        Plaintiff,

    v.

HAROLD SKELTON, CITY OF SANDY, OREGON, MICHAEL HELTON, KALEN TAYLOR, JASON COATES, MANOLO HERRERA, LINDA MALONE, SCOTT LAZENBY,

        Defendants.

No. CV 06-873-ST

OPINION AND ORDER

**MOSMAN, J.**,

On March 4, 2008, Magistrate Judge Stewart issued Findings and Recommendation ("F&R") (#86) in the above-captioned case recommending that I GRANT in part and DENY in part the defendants' Motion for Summary Judgment (#28). Objections have been filed (##88 & 89).

## DISCUSSION

**I.**    **Standard**

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the

court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any of the magistrate judge's F&R. 28 U.S.C. § 636(b)(1)(C).

## II.     **Plaintiff's Objections to the F&R**

Plaintiff Miguel Rubio objects to Judge Stewart's characterization of certain facts. (*See* Pl.'s Objections to F&R (#89).) The objections do not affect Judge Stewart's ultimate recommendation; therefore, I DENY Mr. Rubio's objections.

## III.    **Defendants' Objections to the F&R**

The defendants have four substantive objections to Judge Stewart's F&R. (*See* Defs.' Objections to F&R (#88) 1-2). They object to:

(1)    the recommendation that I deny summary judgment for the City on Mr. Rubio's *Monell* claim for failure to train or supervise;

(2)    the recommendation that I deny Chief Harold Skelton's request for qualified immunity for the July 7, 2005, arrest;

(3)    Judge Stewart's failure to address and recommend that Chief Skelton and City Manager Scott Lazenby are each entitled to qualified immunity on the supervisory liability claims; and

(4)    the recommendation that I deny summary judgment to Chief Skelton and City Manager Lazenby on the supervisory liability claims.

The defendants' first and second objections are not well-taken. Their third and fourth objections require some discussion.

PAGE 2 OPINION AND ORDER

Qualified immunity protects "government officials . . . from liability for civil damages." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "[T]he district court must determine whether, in light of clearly established principles governing the conduct in question, the [official] objectively could have believed that his conduct was lawful." *Act Up!/Portland v. Bagley*, 988 F.2d 868, 871 (9th Cir. 1993) (citing *Anderson v. Creighton*, 483 U.S. 635, 641 (1987)). "This standard thus involves a two-part analysis: (1) Was the law governing the official's conduct clearly established? (2) Under that law, could a reasonable [official] have believed the conduct was lawful?" *Neely v. Feinstein*, 50 F.3d 1502, 1507 (9th Cir. 1995) (citing *Act Up!*, 988 F.2d at 871).

Judge Stewart recommends denying summary judgment on the supervisory liability claim relating to a July 2005 stop by Officers Jason Coates and Manolo Herrera, because Chief Skelton and City Manager Lazenby could have performed a broader investigation of allegations of racial profiling. She states: "[A] fact-finder could reasonably conclude that had [Chief Skelton and] City Manager Lazenby performed a broader investigation and/or required additional training or supervision in August 2005, then [Mr.] Rubio may not have been subjected to further racial harassment . . . ." (F&R (#86) 42-43.) However, because my inquiry focuses on qualified immunity, my analysis centers on whether reasonable officials in Chief Skelton's and City Manager Lazenby's positions could have believed that their investigation into racial profiling was sufficient.[1]

---

[1] I assume that the law governing Chief Skelton's and City Manager Lazenby's conduct is clearly established.

PAGE 3 OPINION AND ORDER

Based on the complaints they received, Chief Skelton and City Manager Lazenby could reasonably believe that their investigation was sufficient. They received complaints about several specific incidents. City Manager Lazenby contacted Chief Skelton to address the complaints. He asked Chief Skelton to review arrest and contact records to determine whether there was any evidence of racial profiling. Although he did not have the resources to do a statistical analysis, Chief Skelton had knowledge of the incidents and contacts, and he "felt there was no evidence that any group(s) had been singled out." (*Id.* at 42.) Thus, Chief Skelton and City Manager Lazenby discussed specific incidents that were the subject of specific complaints and determined that there was no evidence of racial profiling. In that situation, reasonable officials could objectively believe that such an investigation was sufficient. Therefore, Chief Skelton and City Manager Lazenby are entitled to qualified immunity on Mr. Rubio's supervisory liability claims.

Because they have qualified immunity, I GRANT summary judgment on Mr. Rubio's Sixth Claim against Chief Skelton and City Manager Lazenby.

## CONCLUSION

Consistent with the foregoing modifications, I ADOPT Judge Stewart's F&R (#86) as my own opinion.

IT IS SO ORDERED.

DATED this __14th__ day of August, 2008.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court